UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER HALL, | Case No. 15-12376 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| FEDERAL BUREAU OF PRISONS, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 9)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights action against the Federal Bureau of Prisons (BOP) on June 30, 2015.  (Dkt. 1).  On November 16, 2015, BOP filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Dkt. 9).  Plaintiff filed a response on December 2, 2015. (Dkt. 12).  On December 16, 2015, BOP filed a reply.  (Dkt. 14).  And, on January 8, 2015, plaintiff filed a sur-reply, without leave of court.  (Dkt. 16).  District Judge Arthur J. Tarnow initially referred this matter for all pretrial proceedings to Magistrate Judge Michael Hluchaniuk.  (Dkt. 10).  On January 5, 2016, this matter was reassigned to the undersigned magistrate judge and then referred for all pretrial proceedings on January 28, 2015.  (Dkt. 17).  This matter is now ready for

1

report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and plaintiff's complaint **DISMISSED** with prejudice.

## II. FACTUAL BACKGROUND

Plaintiff is an inmate at FCI Milan in Milan, Michigan. (Dkt. 1, Pg ID 7). He alleges that in September or October 2013, he was approached by Correctional Officer Froehly and told that he could get plaintiff's Public Safety Factor (PSF) lifted or waived if plaintiff could send $500.00 to a Ms. Jill Gifford in Carleton, Michigan. *Id*. A PSF is defined as "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public."[1] The lifting of plaintiff's PSF allegedly would result in transfer to a minimum security federal prison. (Dkt. 1, Pg ID 8).

Plaintiff claims that as a result, he had $500.00 taken out of his inmate account and mailed it to a friend requesting that she "pay a bill" for him. (Dkt 1, Pg ID 7). The friend did so by way of a money order dated October 19, 2013. *Id*. Plaintiff further alleges that Officer Froehly confirmed that he received the

---

[1] *See* Program Statement 5100.08, Inmate Security Designation and Custody Classification, https://www.bop.gov/policy/progstat/5100_008.pdf.

2

$500.00. *Id*. Plaintiff was interviewed by Internal Affairs in connection with the transaction during its investigation of the incident. *Id*.

Plaintiff contends that the United States is liable for Officer Froehly's "negligent performance," and avers that he has proof of duty, breach, causation, and damages. *Id*. at Pg ID 7-8. Plaintiff charges that Officer Froehly "violated the rules and regulations" when he solicited the bribe. *Id*. at Pg ID 8. He seeks damages in the amount of $11,999,500 to compensate him for the $500 he paid as a bribe, as well as for "emotional distress" caused by Officer Froehly's "negligence." *Id*. at Pg ID 8-9.

### III. ANALYSIS AND CONCLUSION

#### A. Standard of Review

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id*. Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the

complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at 598. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage....
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the

4

> existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. **Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist**.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (emphasis added), quoting *Mortensen*, 549 F.2d at 890-891.

  B. <u>Sovereign Immunity</u>

While plaintiff purports to bring his claim under the FTCA, BOP contends that plaintiff may not sue the Bureau of Prisons under the FTCA. "In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. at 475, citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). "Sovereign immunity is jurisdictional in nature [and] the 'terms of [the United States'] consent to be

sued in any court define that court's jurisdiction to entertain the suit." *Id.*, quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (alteration in original). To avoid waiver, a state should generally "invoke its sovereign immunity as a threshold defense, usually by way of a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Nair v. Oakland Cnty. Comm. Mental Health Auth.*, 443 F.3d 469, 476 (6th Cir. 2006).

A claim falls within the United States' waiver of sovereign immunity and, therefore, "comes within th[e] jurisdictional grant" of § 1346(b), if it meets the six elements listed in that section. *Id.* at 477. Section 1346(b)(1) requires that a claim be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id.*, quoting 28 U.S.C. § 1346(b). According to the BOP, plaintiff's claim must be dismissed for lack of subject matter jurisdiction because he does not bring a claim, as required by the FTCA, against *the United States*. Plaintiff does not address this argument either in his response or in his sur-reply. The undersigned agrees with BOP that plaintiff's complaint could be dismissed on this basis alone. But, as

BOP suggested in its briefing, and as discussed in more detail below, even if the Court assumes that plaintiff intended to bring a claim against the United States, the Court is without subject matter jurisdiction because the actions complained of do not fall within Officer Froehly's "scope of employment" under Michigan law.

### C. Subject Matter Jurisdiction

Where jurisdictional challenges are intertwined with merits challenges under the FTCA, courts may treat such challenges as jurisdictional ones. *LaLoup v. United States*, 92 F. Supp. 3d 340, 343 (E.D. Pa. 2015), citing *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008) (explaining that the approach of the Third Circuit has been to "make disputes over the scope-of-employment requirement ... jurisdictional."); *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (explaining that "when the merits and jurisdiction are closely related, a court may determine subject matter jurisdiction without reaching the merits...."); *see also*, *Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) (If a court decides that the employee's allegedly tortious action does not fall within the scope of employment, the employee's conduct does not come within the FTCA and the court lacks subject matter jurisdiction).

BOP asserts that, assuming plaintiff intended to name the United States as defendant, plaintiff's claim is still barred because he alleges no facts indicating that Officer Froehly was acting within the scope of his employment when he

allegedly solicited a bribe from plaintiff. Plaintiff contends, however, that the Court has subject matter jurisdiction because the United States is liable for injury, property loss, or death caused by the negligent acts of any government employee in the same manner and to the extent as a private individual would be under the law of the place where the act occurred. 28 U.S.C. §§ 1346(b), 2674. Plaintiff also points out that the BOP owes him a duty under 5 C.F.R. § 2635 and Program Statement 3420.09 to not offer any articles, favors or services that are not authorized in the performance of the employee's duties.

In his sur-reply, plaintiff responds to the argument regarding scope of employment by asserting that BOP misstates the standards. According to plaintiff, the scope of employment usually includes actions that take place while employees are on the job and performing their duties, even if they break the law while doing them. *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997) (police office who tortured a suspect was acting within the scope of his employment). Plaintiff contends that Officer Froehly acted within the scope of his employment while he was working his shift at FCI-Milan and was working in his assigned area when he solicited a bribe from plaintiff. Plaintiff also asserts that this is an issue for the trier of fact and cannot be decided as a matter of law. *Bryant v. Brannen*, 180 Mich. App 87, 98; 446 N.W.2d 847 (1989).

As noted above, the FTCA waives the United States' sovereign immunity

only for the negligent acts of a federal employee "while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "[T]he determination of whether an employee of the United States acted within her scope of employment is a matter of state law." *Flechsig v. United States*, 991 F.2d 300, 302 (6th Cir. 1993). The Michigan Supreme Court defines "'within the scope of employment' to mean 'engaged in the service of his master, or while about his master's business.'" *Hamed v. Wayne County*, 490 Mich. 1; 803 N.W.2d 237 (2011). Therefore, even if an "act [is] contrary to an employer's instructions, liability will nonetheless attach if the employee accomplished the act in furtherance, or in the interest, of the employer's business." *Id*. Conversely, "[i]ndependent action, intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment." *Id*. Further, Michigan courts have recognized that criminal conduct of an employee is, in general, unforeseeable and outside the scope of employment of a legitimate business. *Smith v. Bronson Lifestyle Imp. & Research Ctr. Co.*, 2015 WL 8932816, at *2 (Mich. App. 2015), citing *Brown v. Brown*, 478 Mich. 545, 555; 739 N.W.2d 313 (2007) ("an employer can assume that its employees will obey our criminal laws.").² "While the issue of whether the employee was acting within the scope of

---

² There are exceptions to this rule. *See Brown v. Brown*, 478 Mich. 545, 561; 739 N.W.2d 313 (2007) (observing that "'[t]he employer's knowledge of past acts of impropriety, violence or disorder on the part of the employee is generally considered sufficient to forewarn the

9

his employment is generally for the trier of fact, the issue may be decided as a matter of law where it is clear that the employee was acting to accomplish some purpose of his own." *Bryant v. Brannen*, 180 Mich. App. 87, 98, 446 N.W.2d 847, 853 (1989); *see also*, *Spigno v. Precision Pipeline*, 2015 WL 519182, *4 (E.D. Mich. 2015) (Lawson, J.).

In this case, plaintiff alleges that Officer Froehly solicited $500 from plaintiff in exchange for changing his security clearance. The undersigned agrees with BOP's observation that there is nothing about this act that could be considered to be "in furtherance, or in the interest, of the employer's business." *Hamed*, 803 N.W.2d at 244-45. The undersigned concludes that the present circumstance falls with the teachings of *Brown,* 478 Mich. 545, in that the conduct complained of is plainly criminal. Moreover, there is no suggestion or argument from plaintiff that Officer Froehly's conduct was reasonably foreseeable such that the exception described in *Brown* would apply. *See* note 2, *supra*. Contrary to plaintiff's allegations, it is not sufficient for Office Froehly to have solicited the bribe while on duty. Clearly, soliciting a bribe is conduct that can only be described as furthering Officer Froehly's own personal interest – that is, his own financial gain. Thus, this is a matter that can be decided by the Court as a matter

---

employer ...'") citing *Hersh v. Kentfield Bldrs., Inc.*, 385 Mich. 410, 413; 189 N.W.2d 286 (1971).

of law and need not be decided by a trier of fact. In the view of the undersigned, the United States cannot be liable under the FTCA and plaintiff's claim should be dismissed for lack of subject matter jurisdiction.

D.     Timeliness

Plaintiff asserts that the BOP's motion to dismiss is untimely because the BOP was served with the complaint on September 15, 2015 and the motion to dismiss was not filed until November 16, 2015, 63 days after service, rather than within 60 days as required by Federal Rule of Civil Procedure 12(a)(3). Plaintiff asks the Court to strike the motion as untimely. Under Fed. R. Civ. P. 12(a)(2), a federal agency "must serve an answer to a complaint, counterclaim, or cross claim within 60 days of service on the United States attorney." Fed.R.Civ.P. 12(a)(2). Thus, defendant was obligated to file its motion to dismiss within 60 days of September 15, 2015, not September 14, 2015. Under Rule 6, when a period is "stated in days," one excludes the day of the event that triggers the period; counts every day, including weekends and legal holidays; and includes the last day of the period, except where "the last day is a Saturday, Sunday, or legal holiday," in which case "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed.R.Civ.P. 6. As BOP explains in its reply brief, counting from September 15, 2015, the sixtieth day is November 14, 2015, which was a Saturday. The "next day" which was not a weekend or a holiday was

11

Monday, November 16, 2015, the date defendant filed its motion to dismiss. (Dkt. 9). Therefore, the undersigned agrees with BOP that the motion to dismiss was filed within 60 days of service of the complaint on the U.S. Attorney's office, and was timely filed.

### E. Rule 12(b)(6) Motion

In the alternative, the BOP moves for dismissal for failure to state a claim on which relief may be granted. Given the foregoing conclusions regarding sovereign immunity and subject matter jurisdiction, and case law suggesting that the court need not reach the merits of plaintiff's claims where subject matter jurisdiction is lacking, this argument need not be addressed.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and plaintiff's complaint **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 20, 2016                             s/Stephanie Dawkins Davis
                                                Stephanie Dawkins Davis
                                                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on June 20, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: Walter Hall #08528030, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160.

                                              s/Tammy Hallwood
                                              Case Manager
                                              (810) 341-7887
                                              tammy_hallwood@mied.uscourts.gov