UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WALTER HALL, | Case No. 15-12376 |
| Plaintiff, | |
| | SENIOR UNITED STATES DISTRICT |
| v. | JUDGE ARTHUR J. TARNOW |
| FEDERAL BUREAU OF PRISONS, | MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS |
| Defendant. | |
| _____/ | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [22]; GRANTING MOTION TO DISMISS [9]; DENYING MOTION TO AMEND [20]**

On June 6, 2016, Plaintiff filed a Motion for Leave to Amend Complaint [20]. Defendants filed a response on June 23, 2016 [23] and a supplemental response on July 7, 2016. On June 20, 2016 the Magistrate issued a Report and Recommendation (R&R) [22] recommending that Defendant's Motion to Dismiss be granted and Plaintiff's complaint be dismissed with prejudice. For the reasons stated below, the R&R [22] is **ADOPTED in part**, Defendant's Motion to Dismiss [9] is **GRANTED**, and Plaintiff's Motion for Leave to Amend Complaint [20] is **DENIED**.

1

## STATEMENT OF FACTS

The Magistrate Judge summarized the factual background of the complaint as follows:

> Plaintiff is an inmate at FCI Milan in Milan, Michigan. (Dkt. 1, Pg ID 7). He alleges that in September or October 2013, he was approached by Correctional Officer Froehly and told that he could get plaintiff's Public Safety Factor (PSF) lifted or waived if plaintiff could send $500.00 to a Ms. Jill Gifford in Carleton, Michigan. *Id*. A PSF is defined as "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public."[1] The lifting of plaintiff's PSF allegedly would result in transfer to a minimum security federal prison. (Dkt. 1, Pg ID 8).
>
> Plaintiff claims that as a result, he had $500.00 taken out of his inmate account and mailed it to a friend requesting that she "pay a bill" for him. (Dkt 1, Pg ID 7). The friend did so by way of a money order dated October 19, 2013. *Id*. Plaintiff further alleges that Officer Froehly confirmed that he received the $500.00. *Id*. Plaintiff was interviewed by Internal Affairs in connection with the transaction during its investigation of the incident. *Id*.[2]
>
> Plaintiff contends that the United States is liable for Officer Froehly's "negligent performance," and avers that he has proof of duty, breach, causation, and damages. *Id*. at Pg ID 7-8. Plaintiff charges that Officer Froehly "violated the rules and regulations" when he solicited the bribe. *Id*. at Pg ID 8. He seeks damages in the amount of $11,999,500 to compensate him for the $500 he paid as a bribe, as well as for

---

[1] *See* Program Statement 5100.08, Inmate Security Designation and Custody Classification, https://www.bop.gov/policy/progstat/5100_008.pdf.

[2] Froehly has been prosecuted by the United States Attorney's Office for the Eastern District of Michigan in regards to this incident and pled guilty to bribery. *See* 15-cr-20653-AJT-MKM.

"emotional distress" caused by Officer Froehly's "negligence." *Id*. at Pg ID 8-9.

1. **MOTION FOR LEAVE TO AMEND COMPLAINT [20]**

On June 6, 2016 Plaintiff filed a Motion for Leave to Amend Complaint [20]. Defendant responded on June 23, 2016 [23] and filed a supplemental response per the Magistrate's order on July 7, 2016 [24]. Fed. R. Civ. Pro. 12(a)(2) provides that, when a Motion to Amend is filed more than 21 days after the Complaint is served, the Court may grant the Motion "when justice so requires." While motions to amend are frequently granted, they can be denied for a declared reason including:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

Plaintiff's proposed amended complaint seeks to add Jake Froehly as a Defendant and assert a *Bivens* claim against Froehly for violating his due process rights when he illegally solicited and received a bribe from Plaintiff for $500.00 with a promise to have his Public Safety Factor waived. Plaintiff's amended complaint is futile because it fails to state a valid claim for either a procedural due process *Bivens* claim or a substantive due process *Bivens* claim.

A *Bivens* claim is "subject to the same limits of liability as a section 1983 action." *Beale v. United States*, 853 F. 2d 926 (6th Cir. 1988). Per the doctrine established by *Parratt v. Taylor,* 451 U.S. 527 (1981), a procedural due process claim cannot survive a motion to dismiss if "(1) the deprivation was unpredictable or 'random'; (2) predeprivation process was impossible; and (3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty." *Millington Homes Inv'rs, Ltd. v. City of Millington, Tenn*., 60 F.3d 828 (6th Cir. 1995), *citing Zinermon v. Burch*, 494 U.S. 113 at 136-39 (1990). "If a wrongdoer acts 'on his own,' either in the absence of an established state procedure or contrary to such a procedure, the state has no way to anticipate his conduct and no opportunity to afford the victim a hearing prior to the event." *Wilson v. Beebe*, 770 F.2d 578, 584 (6th Cir. 1985). As long as an adequate postdeprivation proceeding exists to satisfy the requirements of the due process clause, there is no valid procedural due process claim. *Id*.

This case is clearly governed by the *Parratt* doctrine. The illegal bribing of a prisoner by a guard is unpredictable and unauthorized by the state. Additionally, as an illegal theft, inherently there was no predeprivation process available. Lastly, there is obviously postdeprivation process available. Froehly was prosecuted in federal court, and the Plaintiff has individual recourse under state law claims of

4

conversion and fraud. Therefore, any *Bivens* claim attempting to raise procedural due process violations by Froehly is futile.

The substantive due process claim against Froehly is also futile. The Sixth Circuit has repeatedly declined to extend the "shocks the conscience" substantive due process standard to cases that do not involve excessive force or physical brutality. *See e.g. Braley v. City of Pontiac*, 906 F.2d 220, 225 (6th Cir. 1990) ("The "shock the conscience" standard, fuzzy under the best of circumstances, becomes fuzzy beyond a court's power to interpret objectively where there is a dearth of previous decisions on which to base the standard"); *Cassady v. Tackett*, 938 F.2d 693, 698 (6th Cir.1991) ("Since the present case, like Braley, does not concern physical abuse, we are reluctant to apply the 'shock the conscience' standard."); *Choate's Air Conditioning & Heating, Inc. v. Light, Gas & Water Division of the City of Memphis*, 16 F. App'x 323, 329 (6th Cir. June 22, 2001) ("While we have questioned the continued vitality of [the 'shocks the conscience'] strand of substantive due process jurisprudence, we nevertheless continue to recognize it in the exclusive context of cases involving physical abuse.").Therefore, in light of clear Sixth Circuit precedent refusing to extend the "shocks the conscience" standard beyond cases involving allegations of physical

5

abuse, the property deprivation alleged by Plaintiff in this case cannot sustain a substantive due process claim.

Additionally, while it appears that Plaintiff is only seeking to add a *Bivens* claims against Froehly, to the extent that he may purport to state *Bivens* claim against the Federal Bureau of Prisons, that is also futile because a *Bivens* claim cannot be brought against a federal agency. *F.D.I.C. v. Meyer*, 114 S. Ct. 996, 1005 (1994).

Therefore, Plaintiff's Motion to Amend [20] is **DENIED** because it is futile.

## 2. REPORT AND RECOMMENDATION [22]

On June 20, 2016 the Magistrate issued an R&R [22] recommending that the Court grant Defendant's Motion to Dismiss [9], and that the case be dismissed with prejudice. Plaintiff filed objections [25] on July 6, 2016 and Defendant responded [26] to those objections on July 25, 2016.

Plaintiff filed a complaint against the Federal Bureau of Prisons on June 30, 2015, alleging violation of the Federal Tort Claims Act (FTCA) by Defendant predicated upon the acts of Officer Froehly. Defendant filed a Motion to Dismiss [9] on November 16, 2015, arguing, *inter alia*, that the Court lacked subject matter jurisdiction over the case because Officer Froehly was not acting within the scope of his employment when he solicited a bribe from Plaintiff. The R&R

recommended dismissing the case with prejudice because the employee, Officer Froehly, acted outside the scope of his employment under Michigan law and thus the Court did not have subject matter jurisdiction over Plaintiff's FTCA claim. *See Smith v. Bronson Lifestyle Imp. & Research Ctr. Co.*, 2015 WL 8932816, at *2 (Mich. App. 2015) (holding that criminal conduct of an employee, absent employer's knowledge of past acts of impropriety, is unforeseeable and outside the scope of employment of a legitimate business.").

Plaintiff objects to the R&R on two grounds: (1) that the R&R should not be adopted because the Magistrate failed to timely consider his Motion for Leave to Amend Complaint before issuing the R&R; and (2) that the R&R should not be adopted because the Magistrate erred in recommending that the Complaint be dismissed with prejudice, since its recommended dismissal was based upon a lack of subject matter jurisdiction.

In this Order, the Court has considered and denied Plaintiff's Motion for Leave to Amend Complaint as frivolous. Therefore the first objection is moot. The Court however agrees with the second objection, and recognizes that the Complaint should be dismissed without prejudice since it is being dismissed for a lack of subject matter jurisdiction. *Ernst v. Rising*, 427 F. 3d 351, 366 (6th Cir.

2005) (stating a dismissal for lack of subject matter jurisdiction is generally a dismissal without prejudice).

However, neither of these objections persuade this Court that it should not adopt the R&R in part and dismiss the case without prejudice. The substance of the R&R still stands and this Court lacks subject matter jurisdiction over Plaintiff's FTCA claim. The FTCA waives the United States' sovereign immunity for the negligent acts of a federal employee only if that federal employee is "acting within the scope of his office or employment." 28 U.S.C. §1346(b)(1). The matter of whether a federal employee is acting within the scope of their employment is a matter of state law. *Flechsig v. United States*, 991 F. 2d 300, 302 (6th Cir. 1993).

The Michigan Courts have defined the bounds of the term "within the scope of his employment" to include acts that are "contrary to an employer's instructions" only so long as "the employee accomplished the act in furtherance, or in the interest, of the employer's business." *Hamed v. Wayne County*, 490 Mich. 1 (2011). "Independent action, intended solely to further the employee's individual interests, cannot be fairly characterized as falling within the scope of employment." *Id*. Additionally, Michigan Courts have found that criminal conduct of an employee, when employers do not have past knowledge of acts of impropriety, is unforeseeable in general and outside the scope of employment.

8

*Smith v. Bronson Lifestyle Imp. & Research Ctr. Co.*, 2015 WL 8932816, at *2 (Mich. App. 2015). The issue of whether an employee was acting within the scope of his employment "may be decided as a matter of law where it is clear that the employee was acting to accomplish some purpose of his own." *Bryant v. Brannen*, 180 Mich. App. 87, 98 (1989).

The Court agrees with the Magistrate in the present case. The actions of Froehly were not in furtherance of the business interest of the employer. They were instead independent actions taken to benefit Froehly. There is also no suggestion or argument presented by Plaintiff that the Federal Bureau of Prisons had any previous knowledge of any prior actions of Froehly that were similar to the acts alleged here. Since Froehly was in effect soliciting a bribe, an act that is clearly in furtherance of his own interest, the Court does not have subject matter jurisdiction and the case should be dismissed without prejudice. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation [22] is **ADOPTED in part.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [9] is **GRANTED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [20] is **DENIED.**

**SO ORDERED**.

Dated:  August 29, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2016.

s/Deborah Tofil
Deborah Tofil for Mike Lange
Case Manager (313)234-5122